UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                           2:09-cr-83-FtM-29DNF

MARIA CONTRERAS

_____

### OPINION AND ORDER

This matter comes before the Court on defendant's Motion for
Bond Pending Appeal (Doc. #52), filed on March 30, 2011.

Defendant plead guilty to a one count Information charging
loan and credit application fraud.  After pleading guilty,
defendant was sentenced on February 7, 2011, to 18 months
imprisonment, followed by three years supervised release.
Defendant was ordered to surrender by April 22, 2011, to begin
service of her sentence.  Defendant now seeks to remain on release
during her appeal.

Title 18 U.S.C. § 3143(b) requires that defendant be detained
unless the Court finds (1) by clear and convincing evidence that
defendant is not likely to flee or pose a danger to the safety of
any other person or the community if released, and (2) the appeal
is (a) not for the purpose of delay, and (b) raises a substantial
question of law or fact likely to result in reversal, a new trial,
a sentence that does not include a term of imprisonment, or a
reduced sentence to a term of imprisonment less than the total of
the time already served plus the expected duration of the appeal

process.  <u>United States v. Giancola</u>, 754 F.2d 898, 901 (11th Cir. 1985).  The burden is upon defendant to satisfy these elements. <u>Id.</u>

Defendant argues that she should remain at liberty because the Court abused its discretion in imposing the 18 month sentence. Defendant argues that the sentence is excessive, particularly when compared to others involved in the scheme.  The Court expressly considered the range resulting from the application of the Sentencing Guidelines, the statutory factors to be considered in determining a sentence which was sufficient but not greater than necessary, and the specific factors highlighted by defense counsel, including defendant's role and the roles and sentences of others.

The Court finds that defendant has not raised a substantial issue of law or fact as to the validity of the sentence, and that the motion is simply for the purpose of delay in reporting to the designated facility.  The Court considered all the factors defendant now re-argues, and determined the length of sentence based upon her individual factors and circumstances, as well as the sentences imposed on Mr. Gonzalez.  Defendant is not similarly situated to Mr. Gonzalez, and while some of the differences inure to her benefit others do not.  As a result, there is no unwarranted disparity in the sentences.  <u>E.g.</u>, <u>United States v. Williams</u>, 526 F.3d 1312, 1323 (11th Cir. 2008); <u>United States v. Pineda-Sanchez</u>, 396 F. App'x 647, 649 (11th Cir. 2010).  Given the totality of the

factors, the sentence is substantively reasonable and defendant has failed to satisfy her burden to justify release while on appeal.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Release Pending Appeal (Doc. #82) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of April, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Marshal